UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OFFICE CREATE CORPORATION,

                            Plaintiff,

      - v -                                           Civ. No. 1:23-CV-91
                                                     (TJM/DJS)

1ST PLAYABLE PRODUCTIONS, LLC, *et al.*,

                            Defendants.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

MARC R. LABGOLD, P.C.                MARC R. LABGOLD, ESQ.
Attorney for Plaintiff                       PATRICK J. HOEFFNER, ESQ.
1900 Reston Metro Plaza               MEGAN C. LABGOLD, ESQ.
Suite 600
Reston, Virginia 20190

WHITEMAN OSTERMAN & HANNA     WILLIAM S. NOLAN, ESQ.
One Commerce Plaza                     ANNA V. SEITELMAN, ESQ.
99 Washington Avenue               ARTHUR A. NIX, ESQ.
Suite 1900
Albany, New York 12210

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

### I. BACKGROUND

     The Complaint in this case alleges copyright and trademark infringement. Dkt. No. 1. It was filed in January 2023. *Id.* Plaintiff, however, made Defendants aware of this action and provided them with a copy of the Complaint in November 2022. Dkt. No. 48-1 at ¶ 3. From the outset of this litigation, Defendants have contended that as a result

of certain prior agreements three other parties are obligated to defend and indemnify them regarding the claims asserted by Plaintiff. Dkt. Nos. 46-1 at ¶ 9 & 46-2 at ¶¶ 73-74. Defendants answered the Complaint on March 8, 2023. Dkt. No. 19. Defendants now seek leave to file a third-party impleader action in which they seek to assert three causes of action against three potential third-party defendants. Dkt. No. 46. Plaintiff opposes the Motion. Dkt. No. 48.

## II. DISCUSSION

Fed. R. Civ. P. 14(a)(1) provides:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Because Defendants originally answered the Complaint nearly a year ago, Dkt. No. 19, they may file their third-party complaint only with leave of court.

> Factors relevant to determining whether to grant leave to implead a third party include: (a) whether the moving party deliberately delayed or was derelict in filing the motion; (b) whether impleading would unduly delay or complicate the trial; (c) whether impleading would prejudice the plaintiff or the third-party defendant; and (d) whether the proposed third-party complaint states a claim upon which relief can be granted.

*iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. 70, 74 (E.D.N.Y. 2011) (quoting *Capitol Records, Inc. v. City Hall Records, Inc.*, 2008 WL 2811481, at *3 (S.D.N.Y. July 18, 2008)). Consideration of those factors, the first and second in particular, leads the Court to deny this Motion.

The Court must first consider whether there has been an undue delay in filing the Motion. In this case, Defendants were served with the Complaint on January 25, 2023. Dkt. Nos. 10 & 11. Two days later, Defendants demanded defense and indemnification from the parties they now seek to add. Dkt. No. 46-2 at ¶ 73. Defendants made "repeated follow up requests for defense and indemnification," apparently to no avail. *Id.* at ¶ 74. Defendants filed their initial answer in this case on March 8, 2023. Dkt. No. 19. The present Motion was filed over ten months later. Dkt. No. 46. The delay of nearly a year "militate[s] strongly towards denying [the] request." *Dunlop-McCullen v. Pascarella*, 2002 WL 31521012, at *26 (S.D.N.Y. Nov. 13, 2002) (citing *East Hampton Dewitt Corp. v. State Farm Mut. Auto. Ins. Co.*, 490 F.2d 1234 (2d Cir.1973)). The brief timeline just discussed makes clear that Defendants have been aware throughout the history of this case of a potential claim for indemnification from the parties they now seek to bring into this action. Given that history, it is particularly significant that "[n]o satisfactory explanation is offered . . . for the delay of one year in seeking to implead [new parties]." *Lombardo v. Greyhound Lines, Inc.*, 179 F.R.D. 83, 85 (D. Conn. 1998). Indeed, Defendants offer no explanation at all for the delay.

The Court must also consider whether granting the Motion "would unduly delay or complicate the trial." *iBasis Glob., Inc. v. Diamond Phone Card, Inc.*, 278 F.R.D. at 74. The answer to that question appears to be a clear yes. None of the defendants 1st Playable seeks to add are presently parties to this action. Defendants contend that adding them would not delay this matter because the case "is in the very early stages of discovery, the parties have not even beg[u]n conducting discovery." Dkt. No. 46-3 at p. 7. The

- 3 -

Uniform Pretrial Scheduling Order was issued in November 2023. Dkt. No. 41. That the parties had not yet even begun discovery more than forty five days after permitted to do so is more a cause for concern than a reason to permit additional pleadings. The close of discovery in this case is roughly five months away. Meeting that deadline after adding new parties and new causes of action will be next to impossible. That is especially true if, as Plaintiff suggests, one of the new parties is a foreign corporation which will involve a more complicated process to ensure service of any third-party complaint. *See* Dkt. No. 48 at p. 8. This case is already over a year old with, at least from Defendants' perspective no discovery conducted. Adding these new claims which diverge somewhat significantly from the "traditional grounds for a third-party action [which] are indemnification, contribution, or subrogation," *Graham-Johnson v. City of Albany*, 2021 WL 1614763, at *8 (N.D.N.Y. Apr. 26, 2021), will undoubtedly cause significant delays which could have been avoided by a timelier filed motion.[1]

"The Court has broad discretion in determining whether a defendant should be granted leave to file a third-party complaint." *Quijano v. AMR Servs. Corp.*, 1998 WL 252110, at *1 (S.D.N.Y. May 19, 1998) (citing *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984)). When faced with the filing of a delayed motion and clear impact on the discovery schedule "other courts have denied motions to implead third-parties." *Ispat Inland, Inc. v. Kemper Env't, Ltd.*, 2006 WL 3420654, at *4 (S.D.N.Y. Nov. 28, 2006) (collecting cases). Given the significant delay in bringing this

---

[1] These delays would also significantly prejudice Plaintiff's interest in a speedy resolution of this case since much of the discovery that would be required by additional parties would be unrelated to Plaintiff's claims against Defendants.

request to the Court and the significant delays that would result from granting it, the Court exercises its discretion to deny the Motion.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Defendants' Motion to File a Third-Party Complaint is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED**.

Dated: March 7, 2024
 Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge