UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**OFFICE CREATE CORPORATION,**

                        **Plaintiff,**

        v.                                                     1:23-cv-00091 (MAD/DJS)

**1st PLAYABLE PRODUCTIONS, LLC,
and EMILIE T. ("TOBI") SAULNIER,,**

                        **Defendants.**
_____

**Mae A. D'Agostino,
United States District Judge[1]**

## DECISION & ORDER

**I.     INTRODUCTION**

Plaintiff Office Create Corporation ("Office Create" or "OC" or "Plaintiff") commenced this action against Defendants 1st Playable Productions, LLC ("1st Playable") and Emilie T. ("Tobi") Saulnier ("Saulnier") (collectively "Defendants"), alleging (a) copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*; (b) contributory copyright infringement under federal common law; (c) trademark infringement, unfair competition, false designation of origin and trade dress infringement under the Lanham Act, 15 U.S.C. §§ 1117 and 1125(a); (d) contributory trademark infringement under federal common law; (e) unfair competition under New York state common law; and (f) unjust enrichment. *See* Compl., ECF 1.  Presently before the Court is Plaintiff's motion brought pursuant to Fed. R. Civ. P. 56 for partial summary judgment

---

[1] This case was originally assigned to the Hon. Thomas J McAvoy, Senior U.S. District Judge, and has been reassigned to the undersigned.

on its claims that Defendants infringed OC's copyrights in violation of 17 U.S.C §§ 101 *et seq.*, with respect to the Cooking Mama:Cookstar game for use on (a) the Sony PlayStation 4, and, separately (b) the Nintendo Switch gaming platforms.  *See* ECF 47.  Defendants oppose the motion, ECF  50, and Plaintiff files a reply, *see* ECF  53.  For the following reasons, Plaintiff's motion is denied without prejudice.

## II.    DISCUSSSION

After providing its Fed. R. Civ. P. 26(a)(1) Initial Disclosures, Plaintiff brought the instant motion having failed to respond to Defendants' documents demands and notices for depositions of purportedly "key witnesses" identified in Plaintiff's Rule 26 disclosures. *See* ECF 50, Nolan Decl., ¶¶ 6-9;[2] *see also* ECF 50-8, at CM/ECF p. 6[3] ("Although Plaintiff has not answered any of Defendants' discovery requests or produced any witnesses for a deposition, has not established its ownership of the copyrights at issue, and has not offered so much as even a self-serving client affidavit that includes any actual factual assertions, it is asking this Court to enter judgment against both 1st Playable and Dr. Saulnier personally for copyright infringement. "); *id.* CM/ECF p. 22 ("Here, the parties have conducted no depositions, produced no documents, and answered no interrogatories.[4] Defendants have submitted document requests to Plaintiff, which remain unanswered.  . . . Defendants have noticed the depositions of key witnesses identified in Plaintiff's Rule 26 disclosures, scheduled for early March.  Rather

---

[2] Attorney Nolan declares that Plaintiff also failed to respond to Defendants' First Demand for Interrogatories, ECF 50, ¶¶ 5, 9, but Defendants subsequently indicated that they inadvertently failed to serve the interrogatories referenced in Nolan's declaration, and therefore request the court to disregard all references to the interrogatories as they relate to Defendants' opposition papers. See ECF 51, January 13, 2024 letter. The Court will therefore disregard any reference to unanswered interrogatories demands.

[3] The Court cites to the pages assigned by the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

[4] For reasons discussed in the previous footnote, the Court disregards Defendants' references to unanswered interrogatories demands.

than respond to any of the above, Plaintiff has elected to submit the present motion."). Defendants contend that the absence of discovery prevents them from fully responding to Plaintiff's motion, and therefore the motion should be denied. *See, e.g.* ECF 50-8, at CM/ECF pp. 22-23.[5] The Court agrees.

On a motion for summary judgment the Court must construe the properly disputed facts in the light most favorable to the non-moving party, *see Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007), and may grant summary judgment only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law." *Baldwin v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 25 (2d Cir. 2015). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). "The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Once a

---

[5] ("Rather than respond to any of [Defendants' discovery demands], Plaintiff has elected to submit the present motion. Defendants have not been given the documents upon which Plaintiff now relies, and they have no basis to discern their accuracy. While Plaintiff highlights the few limited facts upon which the parties agree, those facts are insufficient to support the conclusion that Defendants are liable, as a matter of law, in the ways asserted by Plaintiff. As discussed, Plaintiff fails to demonstrate the existence of any *undisputed* facts, other than the admission that 1st Playable developed the PS4 version of Cooking Mama: Cookstar and the limited admission that 1st Playable and Office Create did not enter into a formal written license agreement, until its assertions as to Defendant Saulnier's personal liability. Instead, Plaintiff cites to allegations in ***its own Complaint***, not admitted by Defendants, and an ***arbitration to which Defendants were not parties*** for factual support of its motion, in its Memorandum of Law as well as in its Statement of Material Facts (Statement of Material Facts ¶¶1-6; 8-12; 14; 16-18). It is respectfully submitted that a Rule 56.1 Statement consisting almost entirely of contested facts and references to documents in controversy should be disregarded by this Court. As discussed above, and contrary to Plaintiff's assumption, Defendants are not bound by said arbitration. The arbitration which lacks any preclusive effect on Defendants, together with the allegations of the Complaint to which Defendants have not admitted, are plainly improper bases for a motion for summary judgment. Plaintiff's motion as a whole thus exemplifies why summary judgment is almost never granted before any discovery has been conducted.")(emphases in original).

defendant has met this initial burden, the plaintiff must "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 323–24 (internal quotation marks omitted).

"However, summary judgment should only be granted '[i]f *after discovery,* the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" *Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (quoting *Berger v. United States,* 87 F.3d 60, 65 (2d Cir. 1996), in turn quoting *Celotex Corp.,* 477 U.S. at 323)(alteration in original and emphasis added in *Hellstrom* ). "'The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment.'" *Id.* (quoting *Trebor Sportswear Co. v. The Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir. 1989), in turn quoting *Anderson,* 477 U.S. at 250 n. 5). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Id.* (citing *Sutera v. Schering Corp.,* 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.,* 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin,* 45 F.3d 677, 680 (2d Cir.1995)); *see also Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023)("'Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.'")(quoting *Hellstrom*, 201 F.3d at 97). "Indeed, 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Elliott*, 84 F.4th at  493 (quoting *Anderson*, 477 U.S. at 250 n. 5).  "When a party has not had <u>any</u> opportunity for

discovery, summary judgment is generally premature." *Id.* (citing *Berger*, 87 F.3d at 65 (emphasis in *Elliott*).

"Rule 56(d) permits the district court to defer summary judgment or permit additional discovery when the nonmovant files an affidavit or declaration stating that, 'for specified reasons, it cannot present facts essential to justify its opposition.'" *Sura v. Zimmer, Inc.*, 768 Fed. Appx. 58, 59 (2d Cir. 2019)(Summary Order). "The Rule 56(d) affidavit or declaration must show '(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.'" *Chimney v. Quiros*, No. 3:21-CV-00321 (JAM), 2023 WL 2043290, at *9, n. 49 (D. Conn. Feb. 16, 2023)(quoting *UBS AG, London Branch v. Greka Integrated, Inc.*, 2022 WL 2297904, at *3 (2d Cir. June 27, 2022)(Summary Order).

Here, Attorney Nolan's Declaration satisfies the 1st, 3rd, and 4th criteria. He asserts that Defendants made efforts through discovery demands for production of documents and notices to conduct the deposition of two identified witnesses, but Plaintiff failed to respond to these demands and notices. *See* ECF 50.  While Attorney Nolan's Declaration does not specifically address the 2nd criterion - that is, how the sought-after material would be reasonably expected to raise a genuine issue of material fact, that criterion is satisfied through Defendants' opposition materials which the Court credits as the functional equivalent of an attorney declaration.

Indeed, throughout Defendants' Response to Plaintiff's Statement of Material Facts, ECF 50-7, Defendants repeatedly state how it is that the lack of full discovery has

prevented or impeded them from forming adequate and complete responses to Plaintiff's stated facts. *See, e.g., id.* ¶ 1;[6] *id.* ¶ 2;[7] *id.* ¶ 3;[8] *id.* ¶ 4;[9] *id.* ¶ 5;[10] *id.* ¶ 6;[11] *id.* ¶ 14;[12] *id.* ¶ 16;[13] *id.* ¶ 17.[14]

---

[6] ("The exhibit at Dkt. #22-5 is not, and does not purport to be, a valid or authentic Copyright Office certificate of registration, but rather is an incomplete and potentially misleading summary of unproduced copyright documents. Plaintiff has not produced discovery responses and no depositions have been held, so Defendants have been deprived of the opportunity to examine the scope of Plaintiff's purported intellectual property rights")

[7] ("The exhibit at Dkt. #22-5 is not, and does not purport to be, a valid or authentic Copyright Office certificate of registration, but rather is an incomplete and potentially misleading summary of unproduced copyright documents. Further, to the extent that the exhibit at Dkt. #22-5 references 'Federal Copyright Registration Nos. V3606D992 and PA0001769778,' as relied upon by Plaintiff, the exhibit appears to show that those registrations relate to a 2011 transfer or assignment rights from Plaintiff to another company, Cooking Mama Ltd. 'by written agreement.' (Dkt. #22-5, p. 4 of 6)  Plaintiff has not produced discovery responses and no depositions have been held, so Defendants have been deprived of the opportunity to examine the scope of Plaintiff's purported intellectual property rights.")

[8] ("[T]he exhibit at Dkt. #22-5 suggests that Cooking Mama Ltd. did not assign any video game rights to Plaintiff until May 11, 2021, assuming that Cooking Mama Ltd. was 'Party 1' and Plaintiff was 'Party 2,' which is still unclear; it is possible that the rights were assigned from Plaintiff to Cooking Mama Ltd. (Dkt. #22-5, p. 6 of 6). Plaintiff has not produced discovery responses and no depositions have been held, so Defendants have been deprived of the opportunity to examine the scope, nature, validity, and restrictions of any license or license agreement between OC and Planet [Entertainment, LLC].")

[9] ("The purported evidence cited is inadmissible, as it consists of unauthenticated exhibit to an attorney declaration, lacking any evidentiary foundation, in violation of Local Rule 56.1(a). Plaintiff has not produced discovery responses and no depositions have  been held, so Defendants have been deprived of the opportunity to examine the scope, nature, validity, and restrictions of any license or license agreement between OC and Planet.")

[10] ("The purported evidence cited is inadmissible, as it consists of unauthenticated exhibit to an attorney declaration, lacking any evidentiary foundation, in violation of Local Rule 56.1(a). Plaintiff has not produced discovery responses and no depositions have been held, so Defendants have been deprived of the opportunity to examine the scope, nature and restrictions of any license or license agreement between OC and Planet.")

[11] ("The purported evidence cited is inadmissible, as it consists of an unauthenticated exhibit to an attorney declaration, lacking any evidentiary foundation, in violation of Local Rule 56.1(a). Plaintiff has not produced discovery responses and no depositions have been held, so Defendants have been deprived of the opportunity to examine the scope, nature, validity, and restrictions of any license or license agreement between OC and Planet.")

[12] ("The purported evidence cited is inadmissible, as it consists of unauthenticated exhibit to an attorney declaration, lacking any evidentiary foundation, in violation of Local Rule 56.1(a). Plaintiff has not produced discovery responses and no depositions have been held, so Defendants have been deprived of the opportunity to examine the authenticity and admissibility of this evidence.")

[13] ("The purported evidence cited is inadmissible, as it consists of unauthenticated exhibit to an attorney declaration, lacking any evidentiary foundation, in violation of Local Rule 56.1(a). Plaintiff has not produced discovery responses and no depositions have been held, so Defendants have been deprived of the opportunity to examine the authenticity and admissibility of this evidence.")

[14] ("The purported evidence cited is inadmissible, as it consists of unauthenticated exhibit to an attorney declaration, lacking any evidentiary foundation, in violation of Local Rule 56.1(a). Plaintiff has not produced discovery responses and no depositions have been held, so Defendants have been deprived of the opportunity to examine the authenticity and admissibility of this evidence.")

Defendants have also described in their brief how it is that the lack of discovery has prevented or impeded their ability to challenge Plaintiff's evidence and present adequate responses such to withstand summary judgment. *See, e.g.,* ECF 50-8, at CM/ECF pp. 11-12.[15]  Further, in one instance, Defendants contend that based on Saulnier's Declaration, ECF 50-6, a question of fact exists whether 1st Playable was engaged in development of a new cooking game known as "Cooking Mama" of which Plaintiff was aware of and acquiesced in, thereby arguably creating an implied license. In this regard, Defendants argue, *inter alia*:

> It is clear from Plaintiff's own allegations that it knew of and encouraged Defendants to develop Cooking Mama:Cookstar. Such knowledge and encouragement, coupled with Plaintiff's silence toward Defendants as to the termination of any licenses, ratified Defendants' actions, constituting a meeting of the minds and creating an implied license to Defendants for the same purpose. However, due to the total lack of discovery in this matter, issues of fact remain as to the scope of this implied license and when or whether it was ever terminated. Therefore, it is respectfully submitted that this Court should deny Plaintiff's motion in all respects.

---

[15] ("Beyond its improper reliance on its counsel as fact witness, Plaintiff repeatedly cites to its own Complaint throughout both its Statement of Material Facts and Memorandum of Law. In nearly every instance, those cited allegations have not been admitted by Defendants. For example, citing to its own Complaint, Plaintiff asserts that its intellectual property rights include registered Cooking Mama copyrights and that Defendants do not dispute this fact or allege otherwise (Plaintiff's Mem. of Law p. 1; Statement of Material Facts ¶¶1-2). Defendants have not admitted the truth of this allegation, which is subject to discovery (Compl. ¶¶13-15; Amended Ans. ¶¶13-15). Citing to a document introduced without foundation, Plaintiff asserts that it entered into a licensing agreement with Planet which excluded the right to grant sublicenses to others (Plaintiff's Mem. of Law p. 2; Statement of Material Facts ¶¶3-6). Defendants have not admitted the truth of this allegation, which is subject to discovery (Compl. ¶25; Amended Ans. ¶25). Citing to its own Complaint, Plaintiff asserts that Planet's license was validly terminated as of April 29, 2020 (Plaintiff's Mem. of Law p. 8). Defendants have expressly denied this allegation, which is subject to discovery (Compl. ¶¶118, 126, 136, 196; Amended Ans. ¶¶118, 126, 136, 196). Citing to its own Complaint, Plaintiff asserts that Defendants linked to Cooking Mama: Cookstar on the 1st Playable website and add the brand-new allegations that Defendants did so for self-promotion purposes as well as to promote the distribution and sale of the allegedly infringing game (Plaintiff's Mem. of Law p. 9). Defendants have admitted only that a link to Cooking Mama: Cookstar was placed on the 1st Playable website; the rest of these allegations do not even appear in the Complaint (Compl. ¶64; Amended Ans. ¶64).")

ECF 50-8, at CM/ECF p. 18.  Defendants also argue that, due to the lack of discovery, resolution of Saulnier's personal liability is inappropriate at this juncture. *See id.* at CM/ECF p. 21.[16]

In the end, the Court agrees with Defendants that discovery is needed to fully and appropriately resolve the issues presented on Plaintiff's motion for summary judgment. *Cf.* ECF 50-8, at CM/ECF p. 9 ("Plaintiff's submissions do not establish the absence of a genuine issue of fact on the merits, but rather highlight the great extent to which the parties dispute the facts material to the issues in this case, and the need for significant discovery to resolve those disputes.").  "This is not one of those 'rarest of cases' where summary judgment may be granted against [Defendants], who have not yet been an afforded an opportunity to complete discovery." *Gentile v. NCSPlus Inc.*, No. 1:23-CV-05358 (JLR), 2024 WL 2701647, at *1–2 (S.D.N.Y. May 24, 2024)(citation omitted).  While Defendants may not ultimately be able to withstand a motion for partial summary judgment similar to that presented here, resolution of such a motion should be made upon a full and complete record. Accordingly, Plaintiff's motion for summary judgment will be denied without prejudice to allow the parties to complete discovery. *See Hall v. Scores Holding Co.*, 21-cv-03387 (JPC), 2023 WL 2744098, at *2 (S.D.N.Y.

---

[16] ("Here, Plaintiff asserts that this Court should assign to Dr. Saulnier liability as a matter of law, based upon the limited admissions that she is the owner and CEO of 1st Playable, she approved 1st Playable's contract to develop Cooking Mama: Cookstar (an action Plaintiffs ratified through their own actions, as described above), was involved in and provided general oversight over Cooking Mama: Cookstar's development (actions further ratified as discussed), and is identified as the "production lead" for Cooking Mama: Cookstar in game credits. As in the abovementioned cases, the record is silent as to the nature and extent of Dr. Saulnier's involvement in any allegedly infringing activities, whether or when she authorized the release of any game (a decision made by a game's publisher, not its developer), or any other aspects of Dr. Saulnier's active role in any of Plaintiff's allegations. This record silence is unsurprising since, at the risk of becoming repetitive, no discovery has been conducted in this case. Accordingly, it is respectfully submitted that the question of Dr. Saulnier's personal liability is inappropriate for resolution by summary judgment at this juncture.")

Mar. 31, 2023) (denying motion for summary judgment without prejudice under Rule 56(d) when nonmovant had not yet had the opportunity to complete discovery); *KJY Investment LLC v. Noblesse Nail & Spa, Inc.*, No. 20-cv-09116 (KMK), 2021 WL 4429506, at *1-*2 (S.D.N.Y. Sept. 27, 2021) (same); *cf. Elliott*, 84 F.4th at 493 (district court abused its discretion when it granted motion for summary judgment when nonmovant was not given an opportunity for discovery).

### III.     CONCLUSION

For the reasons stated above, Plaintiff's motion for partial summary judgment, ECF 47, is **DENIED** without prejudice. The matter is returned to the Hon. Daniel J. Stewart, U.S. Magistrate Judge, to craft an appropriate discovery schedule.

**IT IS SO ORDERED**.

Dated:  September 20, 2024
        Albany, New York

Mae A. D'Agostino
U.S. District Judge